GREEN v. LOS ANGELES TERMINAL RAILWAY COMPANY.[*]

L. A. No. 1056; July 8, 1902.

69 Pac. 694.

**Railroad Crossing—Contributory Negligence.—Deceased, When Within Thirty Feet** of the railroad, stopped, looked up the track, and

*For subsequent opinion in bank, see 143 Cal. 31, 101 Am. St. Rep. 68, 76 Pac. 719.

found it clear for a space of eight hundred feet. She then, without again stopping or looking up or down the track, proceeded to cross, and was struck by a train running between twenty-five and thirty miles an hour. Held, that deceased was not guilty of contributory negligence as a matter of law.[1]

Railroad Crossing—Contributory Negligence—Appeal.—In an action against a railroad for an accident causing death, a finding that there was no contributory negligence on the part of deceased will not be set aside unless such negligence affirmatively appears as a conclusion of law from the undisputed facts.

APPEAL from Superior Court, Los Angeles County; M. T. Allen, Judge.

Action by Joseph Green against the Los Angeles Terminal Railway Company for damages for the death of his wife. From a judgment for plaintiff and an order denying a motion for a new trial defendant appeals. Affirmed.

Gibben, Thomas & Halstead and Goodrich & McCutchen for appellant; R. A. Ling and Edwin A. Meserve for respondent.

SMITH, C.—This is a suit brought by the plaintiff to recover damages for the death of his wife, alleged to have been the result of the negligent operation of the defendant's railroad. The plaintiff recovered judgment for the sum of $5,000 and costs; and the appeal is from the judgment, and from an order denying the defendant's motion for new trial.

It is found by the court that at the time of the accident the defendant's train "was being run and operated in a very dangerous and grossly negligent and careless manner, as to its rate of speed and failure to sound ordinary signals of warning," and that the accident to the deceased was the result of the negligence of the defendant and its employees; "that before crossing or attempting to cross the defendant's railroad track [the deceased] used ordinary care, and did what an ordinarily prudent person would have done under the circumstances"; and that she "did not by her own carelessness or negligence in any way contribute to said acci-

---

[1] Cited in the note in 37 L. R. A., N. S., 139, on duty of traveler approaching a railway crossing as to place and direction of observation.

dent.'' But it is claimed by the appellant, in effect, that these are inconsistent with the more specific findings, and that upon the latter the conclusions of the court and the judgment should have been different. The case, as presented by the specific findings, is as follows: The defendant's railroad runs easterly along Humboldt street, in Los Angeles city, crossing at right angles Avenues 21 to 26, inclusive, and from the last crossing, leaving the street by a sharp curve to the northward. Humboldt street, between Avenues 22 and 23, is crossed at an angle of thirty degrees by ''a wide, hard-beaten path, regularly traveled by pedestrians,'' which runs from a point on Avenue 23 south of Humboldt street, northwesterly, across vacant lots, to Avenue 22, in the vicinity of the house where the plaintiff and deceased lived. The distance along the path from its intersection with the south line of Humboldt street to its intersection with the railroad track is about thirty feet; and from the former point, looking easterly, one can see the track to the curve at Avenue 25, a distance of about eight hundred feet, but not beyond. The deceased was killed at the intersection of the path above described with the railroad in the afternoon of November 15, 1899, while it was still light, by a train coming from the east. She was then passing along the path to her home; and when she came to Humboldt street, and had entered thereon, ''she looked up defendant's track in the direction from which the train . . . . was coming,'' and ''there was [then] no train on the defendant's track in sight from where she was.'' The deceased then, without again stopping or looking up or down the track, proceeded to cross the street and railroad, following the path, and as she stepped upon the track was struck by the engine of defendant's train coming from the east, and fatally hurt. The train at the time of the accident was running downgrade, without using steam, and making but little noise—''at an excessively high and dangerous rate of speed'' (between twenty-five and thirty miles per hour). No whistle was blown on the engine from the time it passed a point beyond the curve, out of sight of the deceased, until within ten or fifteen feet of her, and just as the engine was about to strike her; nor was the bell rung before or while crossing any of the streets until just above where the acci-

dent occurred. As the train rounded the curve "the engineer in charge of the engine . . . . saw [the deceased], and knew that she was walking on said path, and crossing said Humboldt street, ahead of said train, and that she gave no evidence of knowledge of the approach of said train," and, "notwithstanding said facts, . . . . did not slacken or lessen the speed of said train, or attempt to give [deceased] warning of its approach, . . . . until the train was within ten or fifteen feet of the point of the accident," though it is found he could have stopped the train within two hundred feet after starting to do so.

The above facts are not disputed by the appellant's counsel, except as to the rate of speed, the failure of the engineer to sound the signals required of him, and his failure to slacken speed until within ten or fifteen feet of the deceased. But on the last point the engineer's own testimony is explicit to the same effect as stated in the finding, and as to the others it is admitted that the evidence is conflicting.

The facts found must therefore be taken as established. We do not understand that this is disputed by the appellant; but the point made is that the deceased, after stopping at the south line of the street and looking up the track for an approaching train, should have again looked and listened for the approaching train, and that, as a matter of law, her failure to do so in itself constituted negligence. But it is difficult to imagine on what principle this contention could be sustained, or, if it could, how it could be material. On the question of contributory negligence the burden of proof is on the defendant; and here there was absolutely no evidence of such negligence, except that she did not look up the track for an approaching train in passing from the south line of the street to the track. Certainly we cannot say that the inference of negligence from these facts is irresistible, or, as a matter of law, that they constituted negligence; and unless this can be said, the contention must fail. For, to set aside the finding of the court that there was no contributory negligence on the part of the plaintiff, "such negligence must affirmatively appear as a conclusion of law from the undisputed facts": Schneider v. Market St. Ry. Co., 134 Cal. 482, 487, 66 Pac. 734 et seq. Indeed, in this case the evidence tended to show that the deceased took all the care

to avoid danger required of her. When she looked up the track and found it clear for the space of eight hundred feet, she was near enough to cross with safety, had the train been running at any but an excessive rate of speed.

I advise that the judgment and order appealed from be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.